# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENNETH LEE LENZ, <br> TDCJ No. 02061901, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | Civil No. SA-16-CA-1258-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Kenneth Lenz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket Entry "DE" 1) and the Respondent's Answer (DE 11). Although Petitioner requested, and received, an extension of time to file a reply, no such pleading was filed. This case is thus ripe for review.

In December 2016, Petitioner pleaded guilty to manufacture/delivery of a controlled substance (enhanced) and was sentenced to twelve years of imprisonment pursuant to a plea agreement. He now challenges the constitutionality of his state court conviction and sentence, arguing (1) his counsel was ineffective for failing to ensure the State abided by the terms of the plea offer he agreed to—namely, that he would plead guilty only to possession of a controlled substance with no enhancements; (2) the State breached the plea agreement; and (3) his sentence is therefore illegal. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

## I. Background

In September 2014, Petitioner was indicted in Guadalupe County, Texas, on two counts: (1) possession of a chemical precursor with intent to manufacture a controlled substance (Methamphetamine), and (2) possession with intent to deliver a controlled substance (same) in an amount of one gram or more but less than four grams. (DE 10-4 at 30-31). The indictment also contained a repeat offender enhancement showing Petitioner had previously been convicted of the felony offense of possession of a controlled substance in an amount greater than four grams but less than two-hundred grams. Petitioner pleaded guilty and was sentenced to twelve years' imprisonment pursuant to the terms of the plea bargain agreement. *State v. Lenz*, No. 14-1922-CR-B (274th Dist. Ct., Guadalupe Cnty., Tex. Dec. 16, 2015).

Petitioner did not appeal his conviction and sentence because he waived his right to appeal when he pleaded guilty. (DE 10-4 at 128, 131). Instead, he filed a state habeas corpus application on August 2, 2016, raising the same allegations that are now being presented to this Court. On September 28, 2016, the state habeas application was denied without written order by the Texas Court of Criminal Appeals. *Ex parte Lenz*, No. 85,679-01 (Tex. Crim. App.). (DE 10-1). The instant federal habeas petition was placed in the prison mail system on December 10, 2016, and file-marked on December 12, 2016.

## II. Standards of Review

### A. Review of State Court Adjudications

Lenz's federal petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved

2

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Lenz must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

Furthermore, except for the narrow exceptions contained in § 2254(e)(2), a habeas petitioner is precluded from further factual development in federal court and must rely on the evidence presented to the state court when challenging a state court finding. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review" and this Court's review "is limited to the record in existence at the time [of the state court decision], i.e., the record before the state court." *Id*.

**B.     Review of Sixth Amendment Claims**

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Id*. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in

the exercise of reasonable professional judgment." *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). As the Supreme Court explained, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. For this reason, every effort must be made to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.") (citations omitted). Accordingly, there is a strong presumption that an alleged deficiency "falls within the wide range of reasonable professional assistance." *Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689)).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Because this showing of prejudice must be "rather appreciable," a mere allegation of prejudice or the possibility of a different outcome is not sufficient to satisfy the prejudice prong of *Strickland*. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). As the Supreme Court explained: "[T]he question in conducting *Strickland*'s prejudice analysis is *not* whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a

reasonable doubt might have been established if counsel [had] acted differently." *Richter*, 562 U.S. at 111 (emphasis added) (citing *Wong v. Belmontes*, 558 U.S. 15, 27 (2009)). Rather, the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Pinholster*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (same). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards, but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

### III. <u>Analysis</u>

The written judgment following Petitioner's guilty plea states he was convicted of "Manufacture/Delivery of a Controlled Substance" in the amount of one gram or more but less than four grams, and that the conviction was enhanced. (Docket Entry 10-4 at 143). Petitioner contends he only agreed to plead guilty to *possession* of a controlled substance with no enhancements. He claims the discrepancy—allegedly either a result of his counsel's ineffectiveness or the State's failure to honor the terms of the plea agreement—renders his plea involuntary and his sentence illegal. However, these allegations were rejected by the state court during Lenz's state habeas proceedings. Because Lenz has not shown that the state court's

6

merits adjudication was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent, federal habeas relief is unavailable. *Richter*, 562 U.S. at 101.

A voluntary guilty plea waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). This includes errors of constitutional dimension. *United States v. Broce*, 488 U.S. 563, 573-74 (1989). Thus, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Lenz's plea was a voluntary and intelligent choice and was not a result of any misrepresentation. The plea agreement Lenz signed stated he was pleading guilty to possession with intent to deliver a controlled substance, one to four grams, and that he would be confined for twelve years. (DE 10-4 at 129). The plea also stated that count

one in the indictment—possession of a chemical precursor with intent to manufacture—was waived, and that Lenz was pleading true to the enhancement. Thus, Lenz's statement that he would only accept a plea with no enhancement is controverted by the plea agreement itself. Furthermore, the plea agreement contained the "Court's Admonitions to Defendant" and the "Defendant's Waiver of Rights and Judicial Confession" (DE 10-4 at 125-26) stating he waived his constitutional rights associated with a trial freely and voluntarily and he understood the consequences of his waiver. Lenz also signed the part of the plea agreement titled "Defendant's Approval" wherein he states that he has read and understood the terms of the plea agreement, that his attorney has explained the legal effects of the agreement, and that he knowingly, freely, and voluntarily waived his rights by entering the plea. (DE 10-4 at 128).

Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Petitioner's signature on the guilty plea documents is prima facie proof of the validity of the plea. *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994). "The subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Lenz has not provided any evidence or argument that would overcome this strong presumption.

Nor has he established that his counsel rendered ineffective assistance and counsel's actions compelled him to plead guilty. The appropriate standard to evaluate the effectiveness of counsel with regard to a guilty plea is the familiar *Strickland* two-part test. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland*, 466 U.S. at 668). Again, the petitioner must first show his counsel's performance fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688–89. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement

turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d at 206 (citations omitted). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*.

According to Petitioner, he agreed to plead guilty to possession of a controlled substance—not manufacture/delivery of a controlled substance as stated in the judgment—and only agreed to accept the plea offer on the condition that no enhancement would be used. Petitioner contends his attorney convinced him this agreement would be honored, and would not have pleaded guilty but for counsel's advice. As mentioned previously, however, Petitioner's statement that he would only accept a plea with no enhancement is controverted by the plea agreement itself. (DE 10-4 at 129). Specifically, the plea bargain signed by Lenz indicates as "other conditions of the plea agreement" that the State would waive count one in the indictment and Lenz would plead true to the enhancement and be responsible for the cost of the hazardous-material cleanup. There is nothing in the record to suggest the State offered a plea that did not include the enhancements, much less that counsel misled him about such an offer. Thus, Lenz's conclusory allegation is insufficient to raise a constitutional claim. *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).[1]

Similarly, Petitioner has not demonstrated counsel was deficient for failing to ensure the judgment tracked the exact language of the plea agreement. Petitioner correctly observes that the

---

[1] For this same reason, Petitioner's allegation that the State breached the plea agreement also does not warrant habeas relief. *See McNeil v. Blackburn,* 802 F.2d 830, 832 (5th Cir. 1986) (finding that an "unfulfilled state promise obtained in return for a plea of guilty will entitle a prisoner to habeas relief.").

judgment indicates a conviction for "Manufacture/Delivery of a Controlled Substance" in the amount of one gram or more but less than four grams, but that the plea agreement was for *possession* with intent to deliver a controlled substance for the same amount. (Docket Entry 10-4 at 129, 143). What Petitioner fails to realize is these are the same offense. Section 481.112 of the Texas Controlled Substances Act criminalizes the "Manufacture or Delivery of Substance in Penalty Group 1." Under this section, a person commits an offense if "the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." As such, neither the State nor counsel breached any agreement concerning Petitioner's plea.

Regardless, even assuming counsel was deficient, Lenz still cannot show he would not have accepted the current plea and would have instead insisted on going to trial but for counsel's error. *Armstead*, 37 F.3d at 206. Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. The record is silent as to whether Lenz would have made the decision to plead not guilty and go to trial had he been properly informed by counsel that his plea would include an enhancement. However, the record does indicate that in signing the waiver and stipulations of the trial court, Lenz understood the plea was for a first degree felony that would result in twelve years' confinement, he admitted he committed the offense of possession with intent to deliver a controlled substance, and he was satisfied with the representation provided by counsel. (DE 10-4 at 129-32). Thus, based on the record before the Court, it appears unlikely Petitioner would have chosen to go to trial.

In light of the record evidence supporting the voluntariness of his guilty plea, in addition to the fact Lenz failed to prove counsel's performance was deficient or his plea was involuntary due to ineffective assistance of counsel, this Court must find that Lenz entered into his plea

voluntarily, knowingly, and intelligently. Moreover, Lenz completely failed to prove that, but for his attorney's actions, he would have chosen to proceed to trial. Petitioner has therefore failed to establish a claim of ineffective assistance of counsel. *Hill*, 474 U.S. at 58. Accordingly, federal habeas relief must be denied because Petitioner fails to meet his burden of proof under the AEDPA. 28 U.S.C. § 2254(d).

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Lenz was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or

11

involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings. As a result, Lenz's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Kenneth Lee Lenz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (DE 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 22 day of May, 2017.

_____
David Alan Ezra
Senior United States Distict Judge